UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAMIAN FRANCOIS                                C.A. NO.: 3:17-CV-522-JWD-RLB

VERSUS

GENERAL HEATLH SYSTEM

## RULING ON PLAINTIFF'S CONSOLIDATED MOTION IN LIMINE

      Before the Court is Plaintiff's Consolidated Motion in Limine brought by plaintiff Damian Francois ("Plaintiff" or "Francois"). (Doc. 128.) The motion is opposed by defendant General Health System ("Defendant" or "GHS"). (Doc. 146.) For the following reason, the motion is granted in part and denied in part.

## BACKGROUND

      Plaintiff alleges that he is a "profoundly deaf, illiterate, and language-deprived individual" (Doc. 77 at 1) who suffered a gunshot wound in April 2017 which rendered him a paraplegic. (Doc. 48-1 at 5.) He thereafter sought and "received extensive medical care at the Baton Rouge wound care clinic" ("BRGWC") from June 14, 2017 until September 8, 2017. (Doc 77 at 1.)[1]

      According to Plaintiff, he "communicates primarily in American Sign Language ('ASL') and has a very limited understanding of English." (*Id.*) Plaintiff sues General Health as the owner and operator of the BRGWC (Doc. 21 at 2–3) charging that Defendant failed to provide him with adequate auxiliary communication aids and services he needs to communicate effectively in a medical setting (*id.*) in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 ("ADA"); Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("RA"); and

---

[1] Defendant alleges Francois was "admitted approximately four times between 2017 and 2018 to BRGMC for a variety of conditions, including decubitus wounds and treatment thereof." (Doc. 48-1 at 5.)

Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116. (Doc. 21 at 2–3.) Plaintiff asks for injunctive relief and damages.

## SUMMARY OF ITEMS SOUGHT TO BE EXCLUDED

Of the six items sought to be excluded or limited by Plaintiff, one item (item two – Melvin Walker correspondence) was withdrawn by Defendant. (Doc. 146 at 4.) Therefore, that part of Plaintiff's motion is denied as moot. Two other items (item one, medical records from other providers, and item three, requesting that the Court prohibit the use of the term "intentional discrimination" and instruct the jury on the requirements of intentional discrimination) were the subject of the Court's previous ruling. (Doc. 162.) Item 5, asking the Court to prohibit Defendant from using legal terms not specifically used by the Court in jury instructions, also appears to be moot. Defendant "is in agreement with refraining from discussion (sic) at trial those legal theories which are not laid out in the jury instructions." (Doc. 146 at 11.) Therefore, this part of the motion is denied as moot.

The Court will consider the remaining two items: item four, asking the Court to limit the use of Gary Tanner's deposition; and item six, limiting the use of Bizer and DeReus' dealings with Paula Rodriguez and/or Deaf Focus.

## ARGUMENT AND ANALYSIS

*Gary B. Tanner Deposition*

Plaintiff argues that 1) although Defendant represented it might call Tanner as an expert, an expert report was never produced (Doc. 128-1 at 10.); 2) at Tanner's video deposition, Defendant's counsel did not proffer him as an expert witness and therefore Plaintiff's counsel did not have the opportunity to voir dire his expertise (*id*.); 3) because he is not an expert, he should not be permitted to give opinions or rely on or base his testimony on hearsay (*id*. at 11); and 4)

four specific parts of his deposition should be excluded because they are based on hearsay and/or represent expert opinion testimony (*id*. at 11–12).

Defendant responds that 1) Plaintiff's motion is untimely since the time for Daubert motions has passed (Doc. 146 at 7); 2) Defendant advised Plaintiff on July 20, 2018 that Tanner was a "possible expert witness" and "[i]t was Defendant's understanding that the purpose of the deposition was precisely because Mr. Tanner had been indicated as an expert witness in this matter" (*id*.); 3) a formal designation of Tanner as an expert during his deposition would have been "duplicative" since "the indication [was] already given approximately five months prior" (*id*.); 4) the opinion testimony objected to by Plaintiff is, in any event, "not impermissible expert opinion testimony" but rather is permissible lay witness opinion testimony allowed by Federal Rule of Evidence 701 (*id.* at 8.); and 5) Defendant responds to the specific objections made by Plaintiff on these four areas of his deposition objected to.

Although Defendant advised Plaintiff that it might offer Gary B. Tanner as an expert (Doc. 128-1 at 10, citing Doc. 86-2; Doc. 146 at 7), Defendant never designated him as such. Even had it done so, no expert witness report was provided, as is required by Federal Rule of Civil Procedure 26(a)(2)(B). The "understanding" of Defendant's counsel as to the reason for the deposition does not overcome these deficiencies. For these reasons, Tanner will not be permitted to give expert opinion testimony.

The remaining issue is whether the objected to testimony is opinion testimony and, if so, whether it is permissible lay opinion testimony. Also, the Court must consider the other objections raised by Plaintiff to specific parts of the deposition. Tanner's deposition is attached as Exhibit D, to the motion, Doc. 128-5.

With respect to pages 28:19 through 29:25,[2] the Court overrules Plaintiff's objection. While the testimony involves technical matters, the questions were not seeking, and the witness did not give, expert opinions. He merely testified regarding his experience.

Plaintiff next objects to pages 33:10 – 34:25 as "unadorned hearsay." (Doc. 128-1 at 11.) Plaintiff responds that Tanner's deposition was compelled by subpoena and that "Tanner's testimony does not assert that the information provided by ASL is true." (Doc. 146 at 10.) Defendant also suggests the testimony is not hearsay since Tanner was not asserting its truth. The Court sustains Plaintiff's objection. Whether or not the testimony was given pursuant to subpoena is irrelevant to the hearsay objection. Whether the testimony is hearsay depends not on whether the *witness* asserts it is true; it is whether "a *party*" offers it for the truth of the matter asserted (Fed. R. Evid. 801(c)(2)), which Defendant apparently does.

Next, Plaintiff objects to pages 39:16 – 43:1. (Doc. 128-1 at 11.) The Court sustains Plaintiff's objection to pages 39:17 through 40:5 as nonresponsive expert opinion testimony. The Court overrules the objection to pages 40:6 through 40:19 as the Court finds it is fact testimony based on the witness' experience. The Court sustains the objection to pages 40:20 through 41:16 as expert opinion testimony. The Court overrules the objection to pages 41:17 through 43:1 as fact testimony based on the witness' experience.

Finally, Plaintiff objects to pages 44:1 to 46:20 as expert opinion. The Court disagrees and overrules the objection, finding the testimony to be based on his experience.

*Prior Dealings between Bizer and DeReuss and Deaf Focus and Paula Rodriguez*

While Plaintiff couches this part of his motion as one prohibiting evidence of "prior dealings" between the Bizer and DeReuss law firm and Paula Rodriguez and her company, the

---

[2] The parties use the deposition and not the record document page numbers. For sake of simplicity, the Court does too.

motion focuses exclusively on a $648 bill for sign language interpretation. (Doc. 128-1 at 13–15.) However, Defendant represents that Rodriguez referred Francois to their law firm; referred other deaf individuals to their firm; the Bizer firm "sponsored at least one event hosted by Ms. Rodriguez's company"; and Rodriguez shared the law firm's social media posts on her and/or her company's social media pages.

The Court agrees that, if true (and Plaintiff did not dispute these assertions), these representations portray a relationship that goes beyond merely paying a bill for less than $700. While the Court has certainly not been shown anything improper in the relationship, it does rise to the level of justifying Defendant's desire to question Ms. Rodriguez on these matters at trial in order to show bias in her testimony. Therefore, this part of Plaintiff's motion is denied.

Signed in Baton Rouge, Louisiana, on February 13, 2020.

　
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**