# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

DAMIAN FRANCOIS                          C.A. NO.: 3:17-CV-522-JWD-RLB

VERSUS

GENERAL HEATLH SYSTEM

## RULING ON DEFENDANT'S MOTION IN LIMINE

Before the Court is a motion in limine filed by defendant General Health Systems ("Defendant" or "General Health"). (Doc. 135.) It is opposed by plaintiff Damian Francois ("Plaintiff" or "Francois"). (Doc. 139.) For the following reasons, the motion is granted in part and denied in part.

## I. BACKGROUND

Plaintiff alleges that he is a "profoundly [d]eaf, illiterate, and language-deprived individual" (Doc. 77 at 1) who suffered a gunshot wound in April 2017 which rendered him a paraplegic. (Doc. 48-1 at 5.) He thereafter sought and "received extensive medical care at the Baton Rouge General wound care clinic" ("BRGWC") from June 14, 2017 until September 8, 2017. (Doc 77 at 1.)[1]

According to Plaintiff, he "communicates primarily in American Sign Language ('ASL') and has a very limited understanding of English." (*Id.*) Plaintiff sues General Health as the owner and operator of the BRGWC (Doc. 21 at 2–3) charging that Defendant failed to provide him with adequate auxiliary communication aids and services he needs to communicate effectively in a medical setting (*id.*) in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 ("ADA"); Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("RA"); and

---

[1] Defendant alleges Francois was "admitted approximately four times between 2017 and 2018 to BRGMC for a variety of conditions, including decubitus wounds and treatment thereof." (Doc. 48-1 at 5.)

Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116. (Doc. 21 at 2-3.) Plaintiff asks for injunctive relief and damages.

## II. SUMMARY OF ARGUMENTS

Defendant seeks to exclude 12 items, broken down in the following seven groups:

1) six emails (Plaintiff's Exhibits 1 (Doc. 135-3), 2 (Doc. 135-4), 7 (Doc. 135-5), 8 (Doc. 135-6), 16 (135-11), and 18 (Doc. 135-13));[2]

2) a VRI Standard Practice Paper (Plaintiff's Exhibit 9 (Docs. 135-7 and 8));

3) the Louisiana Commission for the Deaf Registry of State-Certified Interpreters (Plaintiff's Exhibit 10 (Docs. 135-9 and 10));

4) Reasonable Accommodation Request by Andrew Bizer of 6/14/18 on behalf of Damian Francois (Plaintiff's Exhibit 16 (Doc. 135-11));

5) Title II Regulations and 2010 Guidance Section by Section analysis (Plaintiff's Exhibit 19, (Doc. 135-14));

6) Expert report of Judy Shepard-Kegel (Plaintiff's Exhibit 11, (Doc. 135-15)); and

7) Expert Testimony of Paula Rodriguez (Doc. 135-17).

## III. DISCUSSION

### A. Plaintiff's Exhibits 1 and 7 (Docs. 135-3 and 135-5)

These are email exchanges between Ms. Rodriguez and Plaintiff's counsel Andrew Bizer and others. The Court agrees with Defendant that these are hearsay and hearsay within hearsay, and the Court finds no applicable exception to the hearsay rule. The Court disagrees with Plaintiff that these are subject to the business records exception. *In re Oil Spill*, No. MDL 2179, 2012 WL 85447, (E.D. La. Jan. 12, 2012) at *3.

---

[2] Plaintiff's Exhibit 17 was a subject of the original motion. However, Plaintiff then withdrew that exhibit rendering that part of the motion moot. (Doc. 139 at 14.)

### B. Plaintiff's Exhibit 2 (Doc. 135-4)

This is an email from Paula Rodriguez to Corey Doughty, an employee of Defendant. Defendant argues that this email exchange contains hearsay, contains hearsay within hearsay, is impermissible expert testimony, and is duplicative of her anticipated testimony. (Doc. 135 at 2; 135-1 at 3.) Plaintiff argues the email is not hearsay since it is not being offered for the truth of its contents but for the purpose of showing notice to Defendant of a violation and a request for an accommodation under the ADA (Doc. 139 at 5.) Similarly, argues Plaintiff, it shows that Defendant was given notice of Plaintiff's limitations and, further, is not hearsay because it constitutes a "verbal act" (i.e. " 'an utterance that is an operative fact giving rise to legal consequences.' "). (*Id*. at 7, quoting Federal Courtroom Evidence, § 801.3 (May 2017).) Plaintiff maintains that, for the same reason, this is not expert testimony. (*Id*. at 8.)

Because it is not being offered for the truth of the contents but for purposes of demonstrating notice and a request for accommodation, the Rodriguez email is not hearsay and Defendant's motion is denied as to this document. For reasons set out in the last section of this ruling, the Court finds that this is not being offered as expert testimony. The Court will give a limiting instruction, if requested to do so. Doughty's response is also not hearsay since it too is not being offered for its truth and is the statement of an opposing party.

### C. Plaintiff Exhibit 8 (Doc. 135-6)

Defendant argues that emails between Scott Huffman and Jennifer Lodrigue concerning interpreting services offered to but declined by Defendant are hearsay and, at least as to Doc. 135-6 at 1–5, irrelevant since they deal with an in-service presentation offered by Huffman's group which actually took place. (Doc. 135-1 at 4 and Doc. 144 at 4–5.) Plaintiff argues that these emails are not being introduced for the truth of the matter asserted but, rather, were "verbal

acts" and notice to Defendant that training services for deaf patients were available and being offered but were rejected by Defendant. (Doc. 139 at 9.)

As to pages 6–7 of Doc. 135-5, the Court agrees with Plaintiff. Assuming the documents are properly authenticated, and a proper foundation is laid, they will be admitted. The documents are being offered to show that Defendant was given notice of an opportunity to receive training that Plaintiff argues would have averted Plaintiff's damages, had that opportunity been seized. Therefore, they are not hearsay. The Court will give, if requested, a limiting instruction that these documents are being offered for the limited purpose of showing notice and may only be considered for this purpose.

As to Doc. 135-6 at 1–5, their relevance seems questionable to the Court, but the Court will defer to trial the issue of their relevance when the Court can view the issue in the context of the trial.

The Court notes that the two recipients of the emails are Jennifer Lodrigue and Monica Nijoka, employees of Defendant. Both are listed as will-call witnesses for Defendant. Nijoka is listed as a will-call witness for Plaintiff and Lodrigue is listed as a may-call witness. (Doc. 165.) These documents may also be used as impeachment documents as to these two witnesses.

**D. Plaintiff's Exhibit 18 (Doc. 135-13 at 1–2)**

These are emails by Paula Rodriguez to Jennifer Lodrigue of Baton Rouge General. Again, Defendant argues that these are impermissible hearsay (Doc. 135-1 at 7) and Plaintiff these are introduced not for the truth of their contents but to show notice, knowledge and verbal acts. (Doc. 139 at 14–15.) The Court agrees that certain portions of the first email and the second email do provide notice and a request for an accommodation and therefore can be admitted for that limited purpose. However, the Court finds that Rodriguez's references to her conversation

4

with Kristen in the first email are hearsay within hearsay and do not provide notice. Therefore, those references must be redacted.

**E. VRI Standard Practice Paper, Plaintiff's Exhibit 9 (Docs. 135-7 and 8)**

Defendant argues this is inadmissible hearsay and the witness who will likely authenticate the document at trial, Kim Richardson, will be unable to properly authenticate it. (Doc. 135-1 at 4–5.) In responding (Doc. 139 at 9–10), Plaintiff attaches portions of Richardson's deposition and argues that the testimony provides sufficient authentication and the document is relevant as it provides an industry standard relied upon by the company providing VRI services to Defendant. (*Id.* at 10, n. 10.) In response to the charge of hearsay, Plaintiff responds that it is admissible under Federal Rule of Evidence 803(18), since his expert Judy Shepard-Kegl referenced the document in her report and may refer to it and rely upon it during her testimony. (*Id*. at 11.)

The Court has read the submissions, including the deposition excerpts of Mr. Richardson, and the Court finds that Richardson's authentication of the challenged document is sufficient. The Court also finds that Rule 803(18) provides a proper exception to the hearsay rule for this document. Defendant's motion as to this document is denied.

**F. The Louisiana Commission for the Deaf Registry of State-Certified Interpreters (Plaintiff's Exhibit 10, Docs. 135-9 and 10)**

Defendant argues that this should be excluded because it is irrelevant, is hearsay and it lacks authenticity since the only witness able to authenticate it testified that it has expired and has not been updated. (Doc. 135-1 at 5.) Plaintiff responds that it is relevant to show that Defendant's interpreters are not registered in Louisiana (Doc. 139 at 11), and the document is a public record, thus admissible as an exception to the hearsay rule under Rule 803(8). (*Id*.) Its

alleged expiration goes, argues Plaintiff, to the weight, not the admissibility, of the document. (*Id*. at 12.)

The Court agrees with Plaintiff. The document is generally relevant and fits squarely with the exception provided in Rule 803(8). The objection as to its authenticity and hearsay is overruled and that part of the motion is denied. As to its relevance as to the specific events here, the Court will defer this issue until trial.

**G. Reasonable Accommodation Request by Andrew Bizer to Adrien Busekist of 6/14/18 on behalf of Damian Francois (Plaintiff's Exhibit 16, Doc. 135-11 at 1-3)**

This is a series of emails from Plaintiff's counsel Andrew Bizer to Defendant's counsel Adrien Busekist and one response from Ms. Busekist. (Doc. 135-11 at 1-3.) Defendant argues that this is not, as Plaintiff represents, a request for accommodation because the request must be made to "the owner, operator, or lessor of the place of public accommodation." (Doc. 135-1 at 6.) Defendant argues that Ms. Busekist, as Defendant's attorney, does not qualify as such. (*Id*.) Further, she notes that the email itself shows that "requests" had already been made to Defendant; that, therefore, given that this was to Defendant's counsel, the potential for undue prejudice and confusion outweighs any possible probative value; and that these emails should be excluded. (*Id*. at 6-7.)

Plaintiff responds that a request for accommodation may be made to an attorney representing the principal. (Doc. 139 at 13) (citing *Oxford House, Inc. v. City of Baton Rouge, La*., 932 F. Supp. 2d 683, 691 (M.D. La. 2013).) He states that because the Defendant was represented by Ms. Busekist at the time, he was barred by the Louisiana Rules of Professional Conduct from communicating directly with Defendant. (*Id*. at 13–14.) Plaintiff maintains that the other requests do not make irrelevant this request, especially because Plaintiff anticipates Defendant attacking the credibility and bias of the other witnesses. (*Id*. at 14.) Plaintiff concludes

6

by arguing there is no unfair prejudice here. (*Id*.) Defendant does not address these arguments in its Reply memorandum.

Defendant gives the Court no support for its argument that a request for an accommodation may not be made to an attorney representing a client which is the subject of the request. Plaintiff directs the Court to a decision of this court supporting its position that such a request can be made by an attorney. *Oxford House, Inc. v. City of Baton Rouge, La*., 932 F. Supp. 2d 683, 691 (M.D. La. 2013.) However, part of the email exchange appears to deal with accommodations being requested for Plaintiff's deposition, which this Court deems irrelevant. With that exception, this part of Defendant's motion is therefore denied.

### H. Title II Regulations and 2010 Guidance Section by Section Analysis (Plaintiff's Exhibit 19)

Defendant complains that this document was never produced during discovery or disclosed in Plaintiff's compulsory disclosures. (Doc. 135-1 at 8.) Furthermore, there are many parts of the document which are irrelevant to the case. (*Id*.) Plaintiff responds that the document was disclosed to Defendant on July 8, 2019 when Defendant's expert, Andrew Oppenberg, was deposed. (Doc. 139 at 15–16.) He clarifies that the document will be used only for purposes of impeaching Oppenberg. (*Id*.) Defendant does not reply as to this item.

The Court finds that this document may properly be used for impeachment of Defendant's expert Andrew Oppenberg and therefore, this part of Defendant's motion is denied.

### I. Expert Report of Judy Shepard-Kegel (Plaintiff's Exhibit 11, Doc. 135-15)

Defendant argues that Shepard-Kegel's expert report (redacted) is inadmissible hearsay and should be excluded for that reason. (Doc. 135-1 at 8–10.) Plaintiff argues that it is not the report but, rather, the exhibits referenced in the report that he intends to introduce or use as demonstrative exhibits in connection with Shepard-Kegel's testimony. (Doc. 139 at 16–18.)

7

Defendant responds that these exhibits were not disclosed during discovery and it would therefore be "patently unfair" to allow these exhibits to be used in connection with the expert's testimony. (Doc. 144 at 2.)

First, Defendant is right that an expert's report is not generally admissible because it is hearsay. But Plaintiff clarifies in his opposition that it is the "non-testimony articles and journal articles" which the expert "incorporated in her report" that he intends to introduce as evidence in accordance with Rule 803(18) or simply show the jury as demonstrative exhibits. (Doc. 139 at 16.) Federal Rule of Civil Procedure 26(a)(2)(B) requires the expert report to contain "exhibits that will be used to summarize or support" the expert's opinions. These are the items that Plaintiff seeks to use. The Court finds that these uses are proper under Federal Rule of Evidence 803(18) and as demonstrative exhibits. The Court finds that there is no unfair surprise or prejudice to Defendant in that these items were specifically mentioned in the report. Furthermore, Defendant had the opportunity to depose the expert and question her about these exhibits. This part of Defendant's motion is denied.

### J. Expert Opinion Testimony of Paula Rodriguez

Defendant argues that Rodriguez should be precluded from giving expert opinion because a) she was never listed by Plaintiff as an expert, b) did not provide an expert report, and c) is not qualified to give expert testimony. (Doc. 135-1 at 10–12.) Plaintiff insists that he is not calling Rodriguez as an expert and does not intend to ask her for opinion testimony. (Doc. 139 at 18–20.) Rather, Plaintiff will ask Rodriguez questions regarding her statements in writing and verbally to representatives of the Defendant regarding Plaintiff's condition and his needs for purposes of showing Defendant's "notice", "knowledge" and "verbal acts." (*Id*. at 19.)

The Court will not permit Rodriguez to give expert opinion testimony. She was not listed as an expert and did not provide a report. To this extent, Defendant's motion is granted. She will,

however, be permitted to testify regarding her communications with representatives of Defendant as well as her factual observations regarding Plaintiff. These are relevant to the issue of notice and requests for accommodation. Defendant's concern that this may be interpreted by the jury as expert opinion testimony can be addressed by requesting a limiting instruction at trial. So, for instance (to use an example used by Plaintiff in briefing at Doc. 139 at 19): Rodriguez will not be permitted to testify that Plaintiff had a first-grade reading level. She will be permitted to testify that she told representatives of the Defendant that he had a first-grade reading level. If requested, following such testimony, the Court will instruct the jury that they are not to consider this testimony for the purpose of deciding whether Francois did or did not have a first grade reading level but only for the purpose of showing that Defendant was given notice that it was a possibility.

    Signed in Baton Rouge, Louisiana, on <u>February 20, 2020</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**