UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DAMIAN FRANCOIS

CIVIL ACTION

VERSUS

NO. 17-522-JWD-RLB

GENERAL HEALTH SYSTEM

---

A status conference by ZOOM was held in the above matter before District Judge John W. deGravelles on February 2, 2021. Present were Garret Scott DeReus for Plaintiff and Adrien Gingles Busekist.

The conference was held at the request of counsel for Defendant (Doc. 237).

Given the state of Covid 19 pandemic, since it is still not safe to proceed with a jury trial under the circumstances of the case including the length of trial, number of potential jurors who will need to be called, the size of the jury, the number of persons at counsel table and the number of witnesses, the seven-day jury trial set for March 8, 2021, at 9:00 a.m. in Courtroom 1 is continued and reset for **December 6, 2021 at 9:00 a.m. in courtroom 1**. The Court and counsel will begin with a status conference on December 6, 2021 at 8:30 a.m. in courtroom 1 to address any remaining pretrial matters.

In light of the new trial date, the parties may file a joint motion to extend any deadlines that need to be reset.

Since counsel in this matter are the same as counsel in 18-cv-00451-JWD-EWD, *Ward v. Baton Rouge General Physicians, Inc. et al*, the Court advised that, in *Ward*, a motion for a status conference should be filed in approximately thirty days to discuss if the trial in this matter should proceed as scheduled or be continued.

The Court disclosed to the parties that Baton Rouge General allowed he and his

Jury

spouse to receive their first COVID-19 vaccination from the Baton Rouge General on the first day they began vaccinating there. The Court indicated that this would not affect his decision making in the case and he did not consider this grounds for recusal. However, in light of this disclosure, the Court will allow the parties two-weeks to file a motion for recusal which, if filed, will be referred to another judge to consider. If no motion is filed, the Court will consider that neither party has an objection with this Court presiding over this matter.

The Court encouraged the parties to contact the Magistrate Judge to schedule a mediation, but, if the parties did not voluntarily agree to mediation, the Court would order mediation.

The Court then addressed the issues in the Defendant's Motion (Doc.237):

1. The parties agreed that Ms. Deemer's testimony would be live for trial unless she unexpected became unavailable due to her age or health. Counsel for Plaintiff advised the Court and counsel that he will contact Ms. Deemer on a weekly basis about 40 days prior to trial and advise the Court and opposing counsel if there is a need for her testimony to change from live to deposition testimony for the trial of this matter.
2. Counsel states that Latricia Campise advised that she is bed bound and unable to appear for testimony in court. Ms. Campise has also declined to be present for a trial deposition secondary to COVID19 concerns. The Court advised counsel that Ms. Campise would be required to submit a note from a doctor setting forth the reasons why she would be unable to appear.  The Court also offered to the parties that her testimony could be presented at trial via live video, assuming the Court and parties can establish agreeable safeguards for said testimony.

Signed in Baton Rouge, Louisiana, on <u>February 2, 2021.</u>

                                    **JUDGE JOHN W. deGRAVELLES**

Cv 36; T: 0:30                          **UNITED STATES DISTRICT COURT**
                                    **MIDDLE DISTRICT OF LOUISIANA**